I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY FIRST CLASS MAIL, POSTAGE PREPAID, TO (SEE BELOW) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF RECORD IN THIS ACTION ON THIS DATE

TO: J. L. Rehm   DATE: 9/27/19   DEPUTY CLERK: JD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 5:19-cv-00622-JGB-KES                                    Date: September 27, 2019

Title: MATTHEW EARLY ROBINSON v. GERALD MARSHALL, Warden

---

PRESENT:

THE HONORABLE KAREN E. SCOTT, U.S. MAGISTRATE JUDGE

| Jazmin Dorado | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PETITIONER: | ATTORNEYS PRESENT FOR RESPONDENT: |
|---|---|
| None Present | None Present |

---

**PROCEEDINGS (IN CHAMBERS):**   Order To Show Cause Why This Action Should Not Be Dismissed for Lack of Prosecution

In April 2019, Matthew Early Robinson ("Petitioner") filed this pro se habeas action under 28 U.S.C. § 2254. ("Petition" at Dkt. 1.) The Petition listed Petitioner's return address as 2727 West Industry Road, Delano, CA 93215, i.e., the address of the Delano Modified Community Correctional Facility.[1] Respondent has now answered the Petition (Dkt. 13) and, at the Court's request, submitted supplemental briefing (Dkt. 15, 16).

On July 15, 2019, the postal service returned the Court's order directing Respondent to file supplemental briefing as undeliverable to Petitioner. (Dkt. 17.) A handwritten note on the returned envelope indicates that Petitioner has been paroled. (Id.) The California Department of Corrections Inmate Locator also indicates that Petitioner is no longer in custody.[2]

On August 12, 2019, the Court issued an order requiring Petitioner to provide a current

---

[1] See Cal. Dep't of Corrs. & Rehab. Facility Locator, https://www.cdcr.ca.gov/facility-locator/ccf-visiting-delano/. The Court takes judicial notice of the address of the Delano Modified Community Correctional Facility. See generally Fed. R. Evid. 201.

[2] See https://inmatelocator.cdcr.ca.gov/. If Petitioner has been paroled, he nevertheless remains "in custody" for purposes of seeking federal habeas relief. 28 U.S.C. § 2241(c)(3); Maleng v. Cook, 490 U.S. 488, 490-91 (1989).

mailing address and a financial declaration supporting appointment of counsel at public expense. (Dkt. 18.) The Court found that appointing counsel would be in the interests of justice, but that it was unclear whether Petitioner qualified financially under 18 U.S.C. § 3006A(b). (Id. at 3-4.) The Court ordered Petitioner to file a notice of change of address by September 9, 2019 and file a financial declaration by September 23, 2019. (Id. at 4.) The order noted, "If Petitioner fails to timely respond to this order, this action may be dismissed for want of prosecution and/or failure to follow court orders." (Id.)

On or about September 5, 2019, Court staff received a voicemail from an attorney named Joanna Rehm. She identified the case number for this case, stated that she was trying to help "a client who had recently been paroled," and asked whether a notice of change of address should be sent to the Court's Santa Ana or Los Angeles address. It appears that Ms. Rehn represented Petitioner in his direct appeal in the state court system. (See Dkt. 73- at 1 [opening brief, listing Joanna Rehm, Bar No. 89868].) Ms. Rehn was instructed, via a return voicemail, that the notice should be sent to the Santa Ana address.

As of the date of this order, the Court has not received a notice of change of address, a financial declaration, or any written correspondence from Petitioner.

IT IS HEREBY ORDERED that, **on or before October 16, 2019**, Petitioner shall explain why this action should not be dismissed for lack of prosecution. Filing a notice of change of address and a response to the Court's order regarding appointment of counsel will be sufficient to discharge this order to show cause and allow the case to continue. If Petitioner does not desire appointment of counsel at public expense and/or believes he does not qualify financially for such an appointment, he may file a notice explaining this, instead of filing the financial declaration requested by the Court.

The Clerk is directed to mail a copy of this order to Ms. Rehm at the address listed for her on the California Bar website (12400 Wilshire Boulevard, Suite 400, Los Angeles, CA 90025-1030) and to email a copy of this order to Ms. Rehm at the email address identified in Petitioner's appellate briefing (rehm89868@gmail.com).

**If Petitioner fails to timely respond to this order, this action may be dismissed for want of prosecution and/or failure to follow court orders.**

cc:   Joanna Lynn Rehm
      12400 Wilshire Boulevard, Suite 400
      Los Angeles, CA 90025-1030
      rehm89868@gmail.com

Initials of Deputy Clerk JD